**United States District Court**
For the Northern District of California

1

2

3          UNITED STATES DISTRICT COURT

4          NORTHERN DISTRICT OF CALIFORNIA

5                    OAKLAND DIVISION

6

7    MICHAEL HOLLINS,

8              Plaintiff,                    No. C 13-5086 PJH (PR)

9       vs.                                  **ORDER OF SERVICE**

10   DR. FISHMAN, et. al.,

11             Defendants.
     _____/

12          Plaintiff, a detainee incarcerated at Maguire Correctional Facility has filed a pro se

13   civil rights complaint under 42 U.S.C. § 1983.  Plaintiff's original complaint was dismissed

14   with leave to amend and he has filed an amended complaint.

15                            **DISCUSSION**

16   **A.    Standard of Review**

17          Federal courts must engage in a preliminary screening of cases in which prisoners

18   seek redress from a governmental entity or officer or employee of a governmental entity.

19   28 U.S.C. § 1915A(a).  In its review the court must identify any cognizable claims, and

20   dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may

21   be granted, or seek monetary relief from a defendant who is immune from such relief.  *Id.* at

22   1915A(b)(1),(2).  Pro se pleadings must be liberally construed.  *Balistreri v. Pacifica Police*

23   *Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

24          Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of

25   the claim showing that the pleader is entitled to relief."  "Specific facts are not necessary;

26   the statement need only '"give the defendant fair notice of what the . . . . claim is and the

27   grounds upon which it rests."'"  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations

28   omitted).  Although in order to state a claim a complaint "does not need detailed factual

United States District Court

For the Northern District of California

1  allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'

2  requires more than labels and conclusions, and a formulaic recitation of the elements of a

3  cause of action will not do. . . .   Factual allegations must be enough to raise a right to relief

4  above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)

5  (citations omitted).  A complaint must proffer "enough facts to state a claim to relief that is

6  plausible on its face." *Id.* at 570.  The United States Supreme Court has recently explained

7  the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the

8  framework of a complaint, they must be supported by factual allegations.  When there are

9  well-pleaded factual allegations, a court should assume their veracity and then determine

10  whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662,

11  679 (2009).

12          To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential

13  elements:  (1) that a right secured by the Constitution or laws of the United States was

14  violated, and (2) that the alleged deprivation was committed by a person acting under the

15  color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

16  **B.     Legal Claims**

17          Plaintiff states that staff at Napa State Hospital failed to protect him from another

18  patient who assaulted him.

19          A pretrial detainee is not protected by the Eighth Amendment's proscription against

20  cruel and unusual punishment because he has not been convicted of a crime.  *See  Bell v.*

21  *Wolfish*, 441 U.S. 520, 535 & n.16 (1979).  Pretrial detainees are protected from

22  punishment without due process, however, under the Due Process Clause of the

23  Fourteenth Amendment.  *See United States v. Salerno*, 481 U.S. 739, 746-47 (1987); *Bell*,

24  441 U.S. at 535-36.  The protections of the Due Process Clause are at least as great as

25  those of the Eighth Amendment.  *See Revere v. Massachusetts General Hosp.*, 463 U.S.

26  239, 244 (1983).  In the Ninth Circuit, "deliberate indifference is the level of culpability that

27  pretrial detainees must establish for a violation of their personal security interests under the

28  [F]ourteenth [A]mendment." *Redman v. County of San Diego*, 942 F.2d 1435, 1443 (9th

United States District Court

For the Northern District of California

1    Cir. 1991) (en banc).

2         A prisoner may state a § 1983 claim for failure to protect where the officials acted

3    with "deliberate indifference" to the threat of serious harm or injury to an inmate by another

4    prisoner, *see Berg v. Kincheloe*, 794 F.2d 457, 459 (9th Cir. 1986).  Neither negligence nor

5    gross negligence will constitute deliberate indifference.  *See Farmer v. Brennan*, 511 U.S.

6    825, 835-36 & n.4 (1994); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  A prison official

7    cannot be held liable unless the standard for criminal recklessness is met, i.e., the official

8    knows of and disregards an excessive risk to inmate health or safety by failing to take

9    reasonable steps to abate it.  *See Farmer* at 837.

10        Plaintiff states that he was assigned to a room with three other patients.  One night

11   one of the other patients was talking to himself incoherently and appeared to be fighting

12   with an imaginary person.  Plaintiff requested to be moved to a different room because he

13   feared for his safety and he was moved to a different room in the same wing by Nurse

14   Lawrence.  Approximately two weeks later while in his new room, the same patient who

15   plaintiff feared, appeared in his room and assaulted plaintiff by hitting him about the face,

16   head and chest.  The patient was removed by staff and then returned ten minutes later and

17   once again assaulted plaintiff by hitting him in the face and head.  Plaintiff states he

18   suffered a swollen eye and cuts to his mouth.  This claim is sufficient to proceed against

19   Nurse Lawrence for failure to protect.[1]

20                                    **CONCLUSION**

21        1.  The clerk shall issue a summons and the United States Marshal shall serve,

22   without prepayment of fees, copies of the amended complaint  (Docket No. 15) with

23   attachments and copies of this order on the following defendants: Nurse Lawrence at Napa

24   State Hospital.

25        2.  In order to expedite the resolution of this case, the court orders as follows:

26   _____

27        [1] Plaintiff attempted to raise a claim regarding inadequate medical care but has again
     failed to identify any specific defendant.  Plaintiff has filed 14 cases in the last few months and
28   has been informed on many occasions that he must identify specific defendants.  This claim
     is dismissed.

                                          3

**United States District Court**
For the Northern District of California

1        a.  No later than sixty days from the date of service, defendants shall file a

2  motion for summary judgment or other dispositive motion.  The motion shall be supported

3  by adequate factual documentation and shall conform in all respects to Federal Rule of

4  Civil Procedure 56, and shall include as exhibits all records and incident reports stemming

5  from the events at issue.  If defendant is of the opinion that this case cannot be resolved by

6  summary judgment, she shall so inform the court prior to the date her summary judgment

7  motion is due.  All papers filed with the court shall be promptly served on the plaintiff.

8        b.  At the time the dispositive motion is served, defendant shall also serve, on

9  a separate paper, the appropriate notice or notices required by *Rand v. Rowland*, 154 F.3d

10  952, 953-954 (9th Cir. 1998) (en banc), and *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4

11  (9th Cir. 2003).  *See Woods v. Carey*, 684 F.3d 934, 940-941 (9th Cir. 2012) (*Rand* and

12  *Wyatt* notices must be given at the time motion for summary judgment or motion to dismiss

13  for nonexhaustion is filed, not earlier); *Rand* at 960 (separate paper requirement).

14        c.  Plaintiff's opposition to the dispositive motion, if any, shall be filed with the

15  court and served upon defendants no later than thirty days from the date the motion was

16  served upon him.  Plaintiff must read the attached page headed "NOTICE -- WARNING,"

17  which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir.

18  1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

19      If defendant files an unenumerated motion to dismiss claiming that plaintiff failed to

20  exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), plaintiff

21  should take note of the attached page headed "NOTICE -- WARNING (EXHAUSTION),"

22  which is provided to him as required by *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th

23  Cir. 2003).

24        d.  If defendant wishes to file a reply brief, she shall do so no later than fifteen

25  days after the opposition is served upon her.

26        e.  The motion shall be deemed submitted as of the date the reply brief is

27  due.  No hearing will be held on the motion unless the court so orders at a later date.

28      3.  All communications by plaintiff with the court must be served on defendant, or

defendant's counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

    4.  Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) is required before the parties may conduct discovery.

    5.  It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address."  He also must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

    **IT IS SO ORDERED.**

Dated: March 21, 2014.

_____
                PHYLLIS J. HAMILTON
                United States District Judge

G:\PRO-SE\PJH\CR.13\Hollins5086.serve.wpd

**United States District Court**
For the Northern District of California

5

United States District Court

For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

**NOTICE -- WARNING (EXHAUSTION)**

If defendants file an unenumerated motion to dismiss for failure to exhaust, they are seeking to have your case dismissed.  If the motion is granted it will end your case.

You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies.  Such evidence may be in the form of declarations (statements signed under penalty of perjury) or authenticated documents, that is, documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers, such as answers to interrogatories or depositions.

If defendants file a motion to dismiss and it is granted, your case will be dismissed and there will be no trial.